## TICKNOR v. THE BRANCH BANK AT MONTGOMERY.

3  135
122  592

1. In a summary proceeding, by motion, at the suit of the Bank, it is not necessary that the notice should be served thirty days before the *commencement* of the term of the Court, or that the motion should be made on any certain day, unless perhaps, the notice in this respect is special.

2. If the acceptor of a bill fails to pay it, at maturity, so that it is necessary to protest it in order to charge the drawer and endorser with damages, the acceptor is liable to refund to the holder the notarial fees.

Writ of error to the Circuit Court of Montgomery.

J. A. CAMPBELL, for the plaintiff in error.
PECK, for the defendant.

COLLIER, C. J.—Several of the causes assigned for error, were not noticed at the argument of this cause; consequently, we suppose that they were abandoned, and shall not now consider them.

The judgment entry in Clements, *et al.* v. The Branch Bank at Montgomery, (1 Ala. Rep. N. S. 50,) was adopted in the present case, and that being regular, and containing every material allegation or recital, we cannot look to the previous proceedings for an error, on which to reverse, inasmuch as it does not appear, that any exception was taken in the Circuit Court.

But if we were to scan the entire proceeding, we are not sure that we should discover any material irregularity. The notice does not indicate that the motion would be made on any certain day of the term ; the plaintiff below might then have submitted it to the Court at any time after the expiration of thirty days from the period of its service. It is not necessary that a notice, at the suit of a Bank, for judgment against its debt-

or, should be executed thirty days before the *commencement* of the term of the Court; nor is it necessary that the motion should be made on any certain day; unless, perhaps, where the notice has prescribed a day on which it will be made.

In respect to a judgment for the cost of protest against the plaintiff, who was sued as an acceptor, we cannot conceive any irregularity in this. True, so far. as an acceptor is concerned, no consequences result to the holder of a bill from a protest for non-payment. But it is indispensable to the holder's right to recover damages of the drawer and indorser, that he cause the bill to be protested. The failure of the acceptor to meet his engagement with promptness has imposed upon the holder this necessity, and he must be held liable to pay the holder all costs which his default has occasioned.

It would not be pretended, but that the drawer and indorser would be bound to refund to the holder, the notarial fees, and that they might look to the acceptor for reimbursement. This being the case, it is not conceived why the acceptor should not be primarily liable to the holder.

In every view of this case, we are of opinion that the judgment of the Circuit Court should be affirmed.