# Morris *v.* Eufaula National Bank.

### *Action on a Bank Check.*

1. *Action to recover damages for failure to recover bank check; what constitutes reasonable time for presentation of check.* When a bank, having for collection an accepted draft, receives from the accepting debtor in payment of such draft his check drawn on another bank in the same place, the collecting bank is allowed, by the rules of commercial law, until the close of the banking hours of the next secular day to present said check for payment; and if before the close of the banking hours of the next day, the bank on which the check is drawn should fail, the loss will fall on the drawer of the check and not upon the collecting bank. (*Morris v. Eufaula National Bank,* 106 Ala. 383, overruled).

2. *Same; liability of collecting bank after payment of claim by debtor.*—When a collecting bank receives from a debtor a check for an amount due his creditor, drawn on another bank in the same place in which he had money on deposit, to pay the same, and before the close of the banking hours of the next secular day the bank on which the said check was drawn fails and suspends business, the payment by the debtor of the amount of the claim, for which the check was given to the collecting bank, does not render the collecting bank liable to the debtor for such amount; there being no failure on the part of said bank to present the check for payment within a reason-

[Morris v. Eufaula National Bank.]

able time as required by commercial law. (*Morris v. Eufaula National Bank*, 106 Ala. 383, overruled).

3. *Pleading and practice; misjoinder of counts.*—A count in assumpsit can not be joined with a count in case; and such misjoinder is properly raised by demurrer to the entire complaint.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellant, P. H. Morris, against the appellee, the Eufaula National Bank.

The original complaint was as follows:

"The plaintiff claims of the defendant five hundred dollars as damages; for that, whereas, to-wit, on March 30th, 1891, the defendant had in its possession for collection a certain draft or bill of exchange drawn on plaintiff by the Mound City Distilling Company, and accepted by him, for the sum of four hundred and seventy and 22-100 dollars, and which said draft or bill of exchange was due and payable on said March 30th, 1891, and that on said day the said defendant presented said draft or bill of exchange to the plaintiff in the city of Eufaula, Alabama, about 10 o'clock in the forenoon of said day, for payment, and that said plaintiff then and there gave to said defendant a check on the John McNab Bank, a bank then doing a banking business in the city of Eufaula, Alabama, for said sum of four hundred and seventy and 22-100 dollars, the amount due on said draft or bill of exchange; and plaintiff avers that he drew said check for said sum on the John McNab Bank and delivered the same to the defendant in the city of Eufaula, Alabama, about 10 o'clock in the forenoon of said March 30th, 1891, and that at the time said check was so drawn by plaintiff and delivered by him to the defendant, and during the remainder of said day, March 30th, 1891, the said John McNab Bank kept open its banking house and carried on its banking business in the usual way and paid all checks which were drawn on or against it during said day; and plaintiff further avers that at the time he drew said check and delivered it to the defendant as aforesaid, he had on deposit to his credit in the said John McNab Bank, and subject to his check, the sum of

two thousand dollars, and that the said defendant, by the exercise of reasonable diligence, could have presented said check to the said John McNab Bank during banking hours on said March 30th, 1891, and that if defendant had so presented said check on said March 30th, 1891, the same would have been paid in full by the said John McNab Bank, but said defendant, notwithstanding its contract in the premises and in disregard of its duty arising out of its contract with plaintiff, failed to present said check to the said John McNab Bank on said March 30th, 1891; and plaintiff further avers that after said March 30th, 1891, and on March 31st, 1891, the said John McNab Bank suspended payment and failed, and never after its said failure carried on any business, and by reason of the premises the said plaintiff was compelled by said defendant, on March 31st, 1891, to take up said check so given by him to it as aforesaid, and pay said defendant in money the said sum of four hundred and seventy and 22-100 dollars, on March 31st, 1891, and by reason thereof plaintiff was damaged as aforesaid, wherefore he brings this suit."

To this complaint the defendant demurred upon the following grounds: 1. That it was not the duty of defendant to present the check mentioned in said complaint until the day after it received said check from plaintiff. 2. That it was not defendant's duty to present the check mentioned in said complaint on the same day the same was received. 3. The said complaint shows that the bank upon which the check mentioned therein was drawn, closed its doors on the same day said check was drawn and never afterwards opened them for business. 4. Said complaint fails to aver that plaintiff suffered any damage by defendant's failure to present said check on the day it was received. This demurrer was overruled, and thereupon the defendant filed a plea of the general issue and five special pleas. The plaintiff's demurrer to the 3d and 4th pleas were sustained, and it is unnecessary to set out said pleas. The 2d and 5th pleas were as follows:

"No. 2. That the defendant, doing business in Eufaula, Alabama, on March 30th, 1891, having for collection the draft mentioned and described in the complaint, presented the same to the plaintiff in Eufaula, Alabama, on said day; that the plaintiff gave his check for the amount of said draft upon the John McNab Bank, doing business in Eufaula, Alabama, and defendant held said check until next day, to-wit, March 31st, 1891; that on said last named day the said McNab Bank did not open its doors for business and has been suspended ever since. That the defendant paid the amount of said draft above described to its owner, and demanded of plaintiff re-imbursement of same, by reason of his check, and defendant insisted upon it, whereupon plaintiff said that he would consult his lawyer about the matter and take his advice. That on or about April 21st, 1891, the plaintiff, having been advised that he was liable for the same, agreed to pay to the defendant the amount of said check, and, in execution of said agreement, gave to defendant his note for the amount, with interest, payable on October 1st, 1891, and on or about the day the same fell due, on October 1st, 1891, he paid it to defendant, and that plaintiff, having paid, adjusted and settled this claim, with full knowledge of all the facts, cannot now maintain this suit."

"No. 5. The defendant, for further answer to the complaint in said cause, saith that the cause of action therein alleged is barred by the statute of limitations of one year."

To the 2d plea, the plaintiff demurred upon the following grounds: 1. That the matters and things set up in said plea are in no wise an answer to the complaint filed in said cause. 2. The action in this case as stated in said complaint is for the failure of the defendant to present a check as stated in said complaint, and said plea sets up matters and things in reference to the action of the plaintiff and defendant about the adjustment and payment of the amount advanced by the defendant to the Mound City Distilling Company, the owners of the draft or bill of exchange which defendant had for collection

and which the plaintiff was trying to pay, and said plea does not set up any fact which constitutes an excuse for defendant's failure to present said check to the John Mc-Nab Bank as it had contracted to do, within a reasonable time.

To the 5th plea, the plaintiff demurred upon the following grounds:

"1. The complaint filed in said cause shows that this is an action upon a simple contract, and is not barred by the statute of limitations of one year.

"2. The complaint filed in said cause shows that this is an action for the breach of a contract which was made between the plaintiff and defendant on March 30, 1891, and is not barred by the statute of limitations of one year.

"3. The complaint filed in said cause shows that this is an action for an injury to the rights of plaintiff arising from a contract entered into between plaintiff and defendant on March 30th, 1891, and which said contract was broken by the defendant, and that said action is not barred by the statute of limitations of one year."

Each of these demurrers was overruled, and the plaintiff separately excepted.

After the remandment of the cause by this court, on the former appeal, the plaintiff amended his complaint by filing an additional count. The substance of this count, for the purposes of this appeal, are sufficiently stated in the opinion. To the added count, the defendant demurred upon the ground that there was a misjoinder of causes of action. This demurrer was sustained, and the plaintiff declining to plead further, there was a verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

G. L. COMER, for appellant.—The bank, in law, as the agent of the Mound City Distilling Company, had no right to receive said check in payment of said draft. Said check did not and could not pay said draft under the circumstances. The Eufaula National Bank did have the right and authority to say to Morris as it did in ef-

fect say, that it would take that check from him and collect it on said March 30th, 1891, and apply the amount collected to the full payment of said draft. If the Mound City Distilling Company had presented the draft in question to Morris then said company, being the owner of the draft, would have had the right and authority to receive the check from Morris; but the agent of said company, in the collection of said draft, the Eufaula National Bank, had no such right and no such authority. Its duty was to collect in money. Appellant respectfully submits that the opinion of this court rendered in this case, in 106 Ala. 383, clearly and forcibly states the rule of law applicable to the facts of the case. *Morris v. Eufaula National Bank*, 106 Ala. 383; Morse on Banking, §§ 421, 428; Daniel on Neg. Insts., §§ 1624-1625; *Chauteau v. Rouse*, 56 Missouri 65; *State ex rel Clarke v. Gates*, 67 Missouri 139; *Anderson v. Guild*, 29 Atlantic Reporter 327.

The rulings of the trial court were erroneous.—*Galbreath v. Cole*, 61 Ala. 139; *Foster v. Napier*, 73 Ala. 595; *Whilden v. M. & P. Nat. Bank*, 64 Ala. 26-28; *Mobile L. Ins. Co. v. Randall*, 74 Ala. 170; *Morris v. Eufaula Nat. Bank*, 106 Ala. 383; *Staley v. Jemison*, 15 Amer. Rep. 285; Code of 1886, § 2615, subd. 10; § 2619, subd. 6; *A. G. S. R. R. Co. v. Eichofer*, 100 Ala. 224.

S. H. DENT, JR., *contra.*—The first plea presented a full and complete defense to the complaint. Money paid under mistake or in ignorance of law is not recoverable either at law or in equity.—*Leslie v. Richardson*, 60 Ala. 563; *Hemphill v. Moody*, 64 Ala. 468.

Money paid in compromise or settlement of a disputed or doubtful claim is not recoverable, however unfounded the claim may subsequently appear to have been, if there be no fraud or concealment or misrepresentation of facts.—*Troy v. Bland*, 58 Ala. 197.

The additional count filed as an amendment showed a cause of action *ex contractu* which being joined with an action *ex delicto* was a misjoinder of causes, and demurrer upon that ground was properly sustained.—*Whilden v. M. & P. Nat. Bank*, 64 Ala. 1.

The collecting bank had until the close of the banking hours of the succeeding day to present said check. Such time was a reasonable time within the meaning of the commercial law. Not having presented the check on the day of its delivery, did not make it guilty of negligence or laches, nor did it render the collecting bank liable to the debtor who paid the amount for which the check was given, after the failure of the bank upon which it was drawn.—*Industrial &c. Co. v. Weakley,* 103 Ala. 458; *Smith v. Miller,* 43 N. Y. 173; 3 Amer. Rep. 690.

PER CURIAM.—A draft had been drawn by the Mound City Distilling Company on the plaintiff, Morris, and duly accepted by him. It was due on March 30th, 1891, and was held by the defendant, the Eufaula National Bank, for collection. The latter made due presentment of it to the drawee and acceptor thereof for payment on March 30th, and received from him a bank check drawn by him for the amount due on the accepted draft, on the John McNab Bank, another banking institution then doing business at Eufaula, Alabama, where the payee thereof was located. The check dated March 30 was payable to the Eufaula National Bank and was delivered about ten o'clock in the forenoon. The John McNab Bank continued to pay checks drawn on it and presented during the remainder of the day of March 30, and having then closed its doors did not thereafter resume business operations. The plaintiff had funds on deposit with the drawee sufficient to meet the check which would have been paid if presented within banking hours on the day it was delivered to defendant. On March 31, the John McNab Bank being then closed, the plaintiff took up his check and paid defendant the amount called for therein, $470.22. The first amended count from which the above facts appear states that the plaintiff "was compelled" by the defendant to take up the check, and we, therefore, assume that it was taken up and the amount paid on the insistence of the defendant that it should be done.

The plaintiff afterwards brought his action against the defendant wherein he claims damages on account of

the failure of the defendant to present the check on March 30.

A check is payable on presentation and demand. To charge the drawer, the holder is required to present it within a reasonable time, and after the lapse of a reasonable time from its delivery by the drawer the holder retains it at his peril.—*Industrial Trust &c. Co. v. Weakley,* 103 Ala. 458; *Watt v. Gans,* 114 Ala. 264.

As between the holder and drawer of the check, however, presentment may be made at any time, and delay in presentment does not discharge the liability of the drawer unless loss to him has resulted.—*Carroll v. Street,* 128 N. Y. 19; 2 Daniel on Neg. Instr., § 1587; *Industrial Trust &c. Co. v. Weakley, supra.*

Without questioning these general principles, it was held on the former appeal in this case (106 Ala. 383), that the amended complaint showed a cause of action. The conclusion of the court was reached upon a distinction, therein pointed out, as being established by the authorities cited in the opinion. In illustrating the proposition announced by him (2 Morse on Banks and Banking, § 421), quoted in our former opinion, that learned author was not as lucid as he usually is, but the proposition itself is clear. He thus states the same doctrine in section 240: "But when a check is taken, instead of money, by one acting for others, a delay of presentment for a day, or for any time beyond that within which with proper and reasonable diligence it can be presented, is at the peril of the party retaining the check and postponing presentment, as between him and the persons in interest whom he represents. And where loss occurs because such a check is not presented on the day of its reception, the agent is liable." The same doctrine is thus stated by Mr. Daniel: "The allowance of a day to present the check does not extend to an agent who receives one for a debt of his principal. He must present it *instanter.*"—2 Dan. Neg. Instr., § 1590.

The authority cited by each of these text writers is *Smith v. Miller,* 43 N. Y. 171; Mr. Daniel citing in addition, *Farwell v. Curtis,* 7 Biss. 165 and *First Nat. Bank v. Fourth Nat. Bank,* 17 Hun 332. As the case of

*Smith v. Miller*, 43 N. Y. 171, s. c., 52 N. Y. 546, is cited as sustaining the conclusion of the court in this case on the former appeal, it is proper to make a fuller statement of it than we would otherwise feel called on to do.

The plaintiffs in that case brought an action to recover the unpaid balance of the price of a bill of goods sold by the plaintiffs to the defendants. The defendants set up a defense of payment by a draft for $2,968.69, drawn by them on James K. Place & Co., of New York, to the order of plaintiffs, who resided and did business in New York, the defendants residing at Buffalo. The plaintiffs received the draft by mail on the morning of November 19, and immediately indorsed it and at about half past one in the afternoon of the same day presented it for payment at the counting house of James K. Place & Co., the drawees, who were merchants in New York in good standing. In payment of the draft James K. Place & Company gave their check on the Manufacturers' National Bank of New York city to the order of plaintiffs for the full amount. At the time plaintiffs received the check of James K. Place & Company, the latter had funds in the Manufacturers. Bank to meet the check which would have been paid, had it been presented on that day. The check was deposited during the same afternoon in the Citizens Bank for collection and was not presented for payment at the Manufacturers National Bank till twelve o'clock the next day, on the morning of which James K. Place & Co. had failed, and on that account payment of the check was refused.

The action, therefore, was between parties to the original draft, and was not between the parties to the check which James K. Place & Co. had given to plaintiffs. The court, in its opinion, says: "When a check is taken instead of money by one acting for others, as was done by the plaintiffs, a delay of presentment for a day, or for any time beyond that, within which, with proper and reasonable diligence, it can be presented, is at the peril of the party thus retaining the check and postponing presentment, as between him and the persons in interest whom he represents." (p. 176).

In *First Nat. Bank of Meadville v. Fourth Nat. Bank*

*of New York,* 17 Hun 332 s. c., 77 N. Y. 320, it appeared that the Meadville Bank had forwarded to the Fourth National Bank a sight draft drawn by another bank in Meadville on certain bankers in New York. On receipt of the draft, the Fourth National Bank, presented it to the drawees for payment, who gave their check on another New York bank for the amount and the draft was delivered to them. The Fourth National Bank did not present this check for payment on that day, but sent it through a clearing house and it was presented the next day for payment, but payment was refused—the drawers of the check having failed on that day. The Fourth National Bank thereupon returned the check to the drawers, received back the draft, made formal demand of payment and caused the draft to be protested for nonpayment, and on the next day due notice of protest was served by mail upon plaintiffs and upon the drawer of the draft. The action was brought by the Meadville Bank against the Fourth National Bank to recover damages, resulting from alleged negligence on the part of defendant in the performance of its duty, as agent for plaintiff. It was held that it was the duty of defendant to have presented the check for payment as soon as, with reasonable diligence, it could, and for any damages arising from the delay in presentation it was liable.

This case, it will be observed, was between the drawer or owner of the draft and its agent for collecting the same. The question presented in *Farwell v. Curtis,* 7 Biss. 165, so far as it bears on the point under discussion was of the same general nature as that in *Smith v. Miller,* which was there cited and approved.

If the Mound City Distilling Company were suing the Eufaula National Bank for accepting the check of the drawee of the draft and thereby causing loss to it, the cases referred to would be in point, but that is not the case presented by the record before us. And that the court in *Smith v. Miller* did not intend that its language or decision should be construed to apply to the relative rights of the parties to the check itself, drawn by James K. Place & Co., is apparent from its language just preceding that above quoted, the court saying: "But a

check is payable instantly, and as between the drawer and drawee, the latter has, in analogy to the rules applicable to inland bills of exchange, until the day after the receipt of a check to present it for payment, when drawn on a bank in the same place where given and received. But," continues the court, "the duty of the plaintiffs is not determined by that rule of commercial law. That rule has respect only to the contract and liability of parties to the instrument." And we may say further that in *Syracuse &c. R. Co. v. Collins*, 3 Lans. 29, s. c., 57 N. Y. 641, the question decided in *Smith v. Miller* is clearly pointed out. There the defendant had given the plaintiff a check on a local bank for the amount of freight bills, on May 4th. The bank on which it was drawn failed on the 5th, and the check was not presented or paid. The action was for the amount of the freight bill, for which the check had been given. The court held that there was no *laches* in not presenting the check before the bank closed, as the plaintiff had the whole of the next day after receiving it (i. e. of the 5th) in which to present it. And referring to *Smith v. Miller,* distinguished it in the particular above pointed out, namely, that that case was not disposed of upon the rules of law regulating the rights and duties, respectively, of the drawer and drawee of a check, but upon the rules applicable to one who takes a check for collection, acting for one not a party to it.

The distinction, therefore, to be drawn from the foregoing authorities is this: That as between the drawer or owner of the draft, on the one hand, and the party charged with the duty of collecting it, on the other hand, the question of their relative rights is to be determined by the rules of law applicable to principal and agent; and that as between the drawer and the payee of a check, given under the circumstances and for the purpose shown in this case, the question of their respective rights and liabilities is to be ascertained and fixed by the principles of commercial law. The defendant here, in collecting the draft, was the agent of the drawer thereof, and in no proper sense can it be said to have been the agent of the plaintiff.—1 Morse on Banks & Banking,

§ 214; *Dodge v. Freeman's Trust Co.*, 93 U. S. 385; *Anderson v. Gill*, 79 Md. 312, 25 L. R. A. 200.

There are numerous cases, besides those already adverted to, some of which are referred to hereafter, where the action was upon the check itself or upon the original indebtedness, and the defense was interposed of payment, by reason of *laches* in the presentation of the check for payment, which resulted in a loss or damage to the drawer, and such *laches* and consequent damage we have held may be shown under a plea of payment. *Watt v. Gans*, 114 Ala. 264.

Manifestly the drawer's case is not made any stronger by the mere fact that he is plaintiff than it would, under the same circumstances, be if he were defendant and pleading that he was discharged by the payee or holder's delay in presenting the check. It would indeed be an anomaly to decide that the defendant had a reasonable time within which to present the check for payment in order to charge the drawer, and, under the same state of facts, to hold that the defendant was guilty of negligence in not presenting it before the expiration of such reasonable time.

Under the facts stated in the count of the complaint under consideration, the only obligation, so far as concerned the plaintiff, which rested upon the defendant, was to use due diligence to make presentment and demand of payment of the check, within the reasonable time allowed by the rules of the commercial law, and upon its being dishonored to give due notice to the drawer.—1 Morse on Banks & Banking, § 218.

What then is the reasonable time which the defendant had within which to discharge the obligation, under the facts of this case?

We consider it thoroughly settled that the reasonable time allowed the holder for presenting a check when he receives it in the same place where the bank on which it is drawn is located is till the close of banking hours on the next secular day, and if in the meantime the bank fails, the loss will fall on the drawer.—Daniel on Neg. Instr., § 1590; Morse on Banks & Banking, § § 240, 421; Randolph Com. Paper, § 1103; *Merchants Bank v.*

*Spicer,* 6 Wend. 443; *Wear v. Lee,* 87 Mo. 358; *Bickford v. First Nat. Bank,* 42 Ill. 238; *Simpson v. Pacific M. L. Co.,* 44 Cal. 139; *Loux v. Fox,* 171 Pa. St. 68; *Anderson v. Gill,* 79 Md. 312; *Holmes v. Roe,* 62 Mich. 199; *Smith v. Miller,* 43 N. Y. 171; *O'Brien v. Smith,* 1 Black (U. S.) 99. We recognized and approved this rule in *Industrial Savings &c. Co. v. Weakley,* 103 Ala. 458.

In *First National Bank v. Nelson,* 105 Ala. 180, this court held that checks were included in the word "bills" as used in section 1761 of the Code of this State, relating to instruments governed by the commercial law. In that case, Judge HARALSON, speaking for the court, says: "We fail to see why checks, as well as other commercial instruments, do not require the protection of the statute. They are as well known, and from the necessities of the case, enter as largely into the commercial transactions of the country as other species of commercial instruments; and after all we have said and attempted on the subject of negotiable instruments, for these many years, to relegate them to take their chances as commercial bastards and make their own way in the commercial world, deprived of the protection which is accorded to other negotiable instruments, it seems would be against reason, authority, and the interest of the country."

Nothing is shown by the count we have discussed which calls for any modification of the well settled rule above announced.

The acceptance of the check by the defendant was only a payment of the draft, *sub modo,* and could become operative as a payment in fact only when the check was paid, (*Smith v. Miller, supra*), and the drawee bank being closed on March 31, the defendant could on that day have tendered back to the drawer his check and made formal demand for the payment of the accepted draft. *First Nat. Bank v. Fourth Nat. Bank,* 77 N. Y. 320.

Whether, therefore, his payment on March 31, be treated as a payment of his check or of the acceptance, the result is the same as to him, as he was by reason of having accepted the draft liable thereon as the principal debtor.—3 Am. & Eng. Encyc. of Law, (2d ed.), 470; *Tichnor v. Br. Bank,* 3 Ala. 135. His liability was not

discharged, and under the views we have expressed the defendant was not liable to him in damages.

It follows that the demurrer to the first count should have been sustained; and that the former opinion in this case (106 Ala. 383) must be overruled.

After the case returned to the circuit court, the plaintiff was allowed to amend his complaint by filing an additional count, which averred substantially the same facts that appear in the original complaint, except that he averred that, at the time he delivered his check to defendant, the latter "contracted with plaintiff to present the same within a reasonable time to said John McNab Bank for payment," and "that defendant violated its contract with plaintiff in that it did not present ·said check for payment to the John McNab Bank within a reasonable time on said March 30, 1891."

Without stopping to determine whether the meaning of the covenants is that a contract was made whereby the defendant agreed to present the check on March 30, the day of its receipt, we are satisfied the court's ruling is free from error on this branch of the case. As we construe the original complaint, it counted on the want of due diligence or negligence of the defendant in presenting the check, and was therefore in case. The new count claiming damages by reason of the alleged violation of the contract therein set out was in assumpsit. But it is not allowable to join a count in case with one in assumpsit. By the introduction of the additional count, the complaint was made to contain a misjoinder of counts, and the defect was properly taken advantage of by the demurrer to the entire complaint as amended.—*Wilkinson v. Moseley,* 30 Ala. 562.

The plaintiff having declined to plead further, judgment was rendered against him, and the judgment of the circuit court is affirmed.

The foregoing opinion was prepared by former Chief Justice BRICKELL, and is adopted by the court.