# Andrews v. Meadow.

*Action upon a Bank Check.*

1. *Bill of exceptions; record must show that same was signed in term time or within the time fixed by court or by agreement of parties.*—Before a bill of exceptions can be considered a part of the transcript in a case on appeal, the record must affirmatively show that said bill of exceptions was signed in term time or in the time fixed by the court in term time, or by agreement of counsel as required by statute (Code, §§ 616, 61ı); and the mere recital in the bill of exceptions that it was signed "within the time allowed by the orders of this court," is not sufficient.

2. *Endorsement; right of accommodation endorser to maintain action against maker.*—Where an endorsement is made upon a negotiable instrument for the accommodation of the payee, such endorser, if compelled to pay, can maintain an action against the maker in the same way as if the instrument had been regularly endorsed by him, and he will accordingly be protected against defenses of which he was ignorant at the time of making the endorsement.

3. *Bank check included in bill of exchange.*—Bank checks are included in the words "bills" and "bills of exchange," as used in the statutes of this State relating to commercial paper.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellant, F. H. Andrews, against the appellee, A. E. Meadow, and counted upon a bank check drawn by the defendant on the Blocton Savings Bank in favor of J. H. Schuyler & Sons, by whom, as alleged in the complaint, the said check was endorsed to the plaintiff. It was also alleged in the complaint that the check not being paid was duly protested, due notice of which was given to the defendant.

, The defendant filed several pleas in which he set up a failure of consideration and averred in each of said pleas that said check was given for the purchase price

[Andrews v. Meadow.]

of a dog sold to him by Schuyler & Sons, and that said Schuyler & Sons represented that the dog was sound, well trained and a good bird dog, upon which repressentation the purchase was made; but that as a matter of fact the dog was not well trained, was not sound, and was not a good bird dog. To these several pleas the plaintiff separately demurred upon the following grounds: 1. Said pleas do not aver that plaintiff had any knowledge or notice of the transaction between the defendant and the payee of the check. 2. Because said pleas do not aver that the plaintiff was a party to the transaction mentioned in each of said peas. 3. Because said pleas fail to aver that the plaintiff knew anything about the representations made by the payee of said check to the defendant. 4. Said pleas seek to vary the contract of defendant entered into by him by his endorsements of the draft sued. These demurrers were overruled, to which ruling the plaintiff separately excepted. Thereupon the plaintiff filed two replications to the several pleas, in each of which it was averred that J. C. Schuyler & Sons requested the plaintiff to endorse the check drawn by the defendant on the Blocton Savings Bank, which is the subject of this suit. The plaintiff endorsed said check to enable Schuyler & Sons to obtain money thereon; that thereupon the check was cashed by the Loan & Savings Bank of Charlotte, N. C., and the money paid to said Schuyler & Sons; that the Loan & Savings Bank sent said check to the Blocton Savings Company and payment was there refused and said check was protested for non-payment and returned to the Loan & Savings Bank, and the Loan & Savings Bank required the plaintiff as endorser to pay to it the amount of said check and the protest fee.

It was then further averred in each of said pleas that at the time the plaintiff endorsed said check and became bound for the payment of the same, he knew nothing of the trade between the defendant and Schuyler & Sons; that he knew nothing of the representations made to the defendant, and that he knew of no defense whatever to said check. The defendant demurred to these replications upon the following grounds: "1st. Because said replications show that the matters alleged therein

are no answer to the pleas filed in this cause by defendant. 2d. Because the matters set forth in said replications show that the plaintiff in this cause was not a *bona fide* purchaser of said check for value without notice upon maturity. 3d. Because said replications fail to show that the plaintiff in said cause was a *bona fide* purchaser of said check sued upon for valuable consideration and without notice. 4th. Because said replication fails to show or allege that said check sued upon was purchased by the plaintiff in due course of trade for a valuable consideration and without notice and before maturity." This demurrer was sustained, and to this ruling the plaintiff duly excepted.

Upon issue joined upon the pleas, there were verdict and judgment for the defendant. Under the opinion on the present appeal it is unnecessary to set out in detail the facts of the case and the rulings upon the evidence as shown in the bill of exceptions.

The trial was had on July 16, 1900, and the bill of exceptions as contained in the record purports to have been signed on January 2, 1901, and to have been filed January 8, 1901. Just preceding the signature of the judge to the bill of exceptions there is contained in the recital that it was signed "within the time allowed by the orders of this court."

After judgment was rendered, there was a motion for a new trial, and on July 21, 1900, the motion was continued to the fall term of the court, and on November 3, 1900, the court refused to grant said motion for a new trial. The only entry in the record relating to the time of the filing of the bill of exceptions was the order of the court made on January 2, 1901, which order was in words and figures as follows: "On the application of the plaintiff, the time heretofore given him within which to file a bill of exceptions is hereby extended twenty days."

ELLISON & THOMPSON for appellant, cited *First Nat. Bank v. Nelson,* 105 Ala. 180; *Morris v. Eufaula Nat. Bank,* 122 Ala. 580; *Sheahan v. Davis,* 28 L. R. A. 477; 2 Randolph on Com. Paper, § 692; *Barker v. Parker,* 10

[Andrews v. Meadow.]

Gray 339; *Ala. Nat. Bank v. Rivers,* 116 Ala. 1, 12, 13; *Milton v. DeYampert,* 3 Ala. 652.

HOGUE, LAVENDER & FULLER, *contra,* cited *Chambers v. Falkner,* 65 Ala. 448; *Glasscock v. Smith,* 25 Ala. 474; *Ross v. Drinkard,* 34 Ala. 434.

SHARPE, J.—We preface with the statement that the sufficiency of the pleading will be passed on only so far as the same is questioned by specific objections and that the assignment of error based on exceptions cannot be considered for the reason that the bill of exceptions does not purport to have been signed as required by section 616 of the Code, within the term at which they were taken, or thereafter by any order or agreement extending time for signing. If the pleas set up defenses good to defeat the plaintiff in case he knew of or was a party to the transaction in which the instrument in suit originated, they were sufficient to devolve on the plaintiff the necessity of replying his ignorance of those defenses at the time he became an indorser. That the pleas did not affirm plaintiff had notice of or participated in the original transaction was not ground for demurrer.

The demurrers to the replications should have been overruled. In respect of rights as well as liabilities, an accommodation indorser of negotiable paper is in a situation analogous to that occupied by those who indorse in the regular course of its transfer from one holder to another. If compelled to pay it in whole or in part he may maintain an action against the maker for the amount paid—*Perry v. Tuscaloosa, etc., Co.,* 85 Ala. 158. This is so whether the indorsement be for the accommodation of the payee or maker. It is true one may not make another his debtor without the other's consent and, therefore, a recovery against the maker cannot be founded on an indorsement made officiously or at request of a stranger to the instrument. A decision to that effect was rendered in *Willis v. Hobson,* 37 Maine, 403. But in view of usages recognized and sanctioned by commercial law, indorsements made for the payee's accommodation are held to have been impliedly invited

[Andrews v. Meadow.]

by the maker, and one who for such purpose and in good faith indorses negotiable paper which the payee also indorses, may if compelled to pay, maintain an action against the maker upon the same rights he could have asserted had the instrument been indorsed to him regularly, and will accordingly be protected as against defenses of which he was ignorant when indorsing. The theory upon which a suit proceeds is stated in *Breckenridge v. Lewis*, reported in 84 Maine, 349, and in 30 Am. St. Rep. 353. The plaintiff in that suit indorsed the defendant's promissory note for the accommodation of the payee who then negotiated the same, and when it fell due the plaintiff paid it, and afterwards sued to recover from the defendant the amount of the note. It was denied that plaintiff was a *bona fide* holder of the note so as to shut out equitable defenses. The court held that position untenable, saying: "When the plaintiff indorsed the note for the accommodation of the payee, he became liable thereon, subject to mercantile usage; and held the same relation to the maker as if he had discounted the note himself, instead of indorsing it. The payee received the money on the note from the holder, to whom the plaintiff became contingently liable for its payment; and when the plaintiff became absolutely liable to pay the note, and did pay it, the promise of the maker, negotiable in form, transferred by the payee's indorsement, ran to him; and it could make no difference to the maker by what means or for what consideration the plaintiff gained title to the note. He then held it with the same rights in regard to it as if he had given the payee the money on the note, instead of an accommodation indorsement that afterwards compelled the payment of money, or an equivalent agreed to between him and the holder, to whom it had been negotiated." A similar decision upon like principles was made in *Sheahan v. Davis*, reported in 27 Oregon, 278, in 28 L. R. A. and in 50 Am. St. Rep. 722. In *Laubach v. Pursell*, 35 N. J. Law Rep. 434 and in *Beckwith v. Webber*, 78 Mich. 390, the same principles ruled. We regard these decisions as sound and as authority applicable to the present case, for within the meaning of our

statutes specifying what instruments are governed by commercial law a bank check is in effect a bill of exchange.—*First Nat. Bank v. Nelson*, 105 Ala. 180; *Morris v. Eufaula Nat. Bank*, 122 Ala. 580.

 - Reversed and remanded.