(119 So. 1)

HERMANN et al. v. COHEN. (1 Div. 523.)

Supreme Court of Alabama. Nov. 15, 1928.

Rehearing Denied Dec. 20, 1928.

---

[1] Ante, p. 384.

492

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

Gordon, Edington & Leigh, of Mobile, for appellee.

BOULDIN, J. A check, drawn on a bank in the same city, was delivered to the payee after banking hours. The next morning, about 10 o'clock, the payee, being a customer of the same bank, prepared a deposit slip in the usual form used by the bank, and presented the check for deposit to account of the payee. The check and deposit slip were left at the window of the receiving teller. Within an hour thereafter the bank closed its doors, and turned over its affairs to the state superintendent of banks. The deposit was never accepted by the bank. Its officers had been advised to lay aside intact all deposits offered that morning until it was ascertained whether arrangements could be made for the bank to continue in business. Hence the deposit slip was not issued, the check was never charged up to the drawer's account, nor credited to that of the payee. Later the check was returned to the payee, who offered to return it to the drawer, and requested a return of the consideration, which was refused. At the time the check was presented for deposit, the drawer had to his credit sufficient funds to pay it. If at that time it had been presented for payment, it would have been paid in cash.

This, in substance, is the agreed statement of facts on which the cause was tried. The inquiry is, Who shall bear the loss on this check by reason of the failure of the bank?

Presentment of a check to the drawee bank for deposit to the account of the payee is a form of presentment for payment. If accepted, charged to the drawer, and credited to the payee, payment is as complete as if the cash were handed over the counter. 2 Morse on Banking (6th Ed.) § 451.

This custom of business is so general and so well known, so contributes to the transaction of modern business, that no negligence or want of diligence, is chargeable to the payee in presenting the check for payment in that manner, unless special circumstances impose a duty to demand the cash. Usually such method of business is in the interest of the bank, and a refusal to accept the check so presented may be considered by the party making presentment, as a refusal of payment in any manner. Brady on Bank Checks (2d Ed.) § 85, p. 130. In this case there was no refusal but a mere holding in abeyance by the bank.

The check having been presented for payment in a customary manner and within the time it was due to be presented, the burden of showing want of proper diligence in the manner of presentment for payment was on the drawer.

As we understand the statement of facts and briefs, the parties intend to submit for decision only one issue of law, viz. whether it is the duty of a payee to present a check for payment in cash. Is a presentation for de-

posit to the payee's account at the risk of the payee?

If the bank accepts the deposit and completes the transaction, the risk of failure of the bank is thereafter on the payee depositor.

In Burns v. Yocum, 81 Ark. 127, 98 S. W. 956, relied upon by appellee, the payee was held bound in such case, although the payee's agent was negligent in not demanding the cash; the solvency of the bank being then in doubt. That case deals merely with the negligence of the agent toward his principal. It is not authority to the proposition that a payee is wanting in diligence as matter of law in presenting a check for deposit to his own account.

The statement of facts in this case is entirely silent as to any knowledge of the condition of the bank on the part of the payee, and silent as to any knowledge that the check would be paid in cash, if so presented.

We will not impute such knowledge. We need not, and do not decide what would be the duty of the payee in that event. The subject is discussed in Brady on Bank Checks (2d Ed.) § 91, p. 145. We refer to this merely that our decision may not be misleading.

Dealing with the case as we understand the issue presented, we find no want of diligence in the course pursued, and the loss resulting from failure of the bank before the end of the business day the transaction was due to be closed, must fall upon the drawer. Morris v. Eufaula National Bank, 122 Ala. 580, 25 So. 499, 82 Am. St. Rep. 95.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.