# Morris v. Eufaula National Bank.

*Action on a Bank Check.*

1. *Action for damages for failure to present bank check; count demurrable when it does not aver damages.*—A count in a complaint against a bank for failure to present a check for payment to another bank, where plaintiffs had money on deposit. on the day said check was drawn, which fails to aver that the plaintiff suffered any damage from the neglect to present said check, is defective, and a demurrer to it is properly sustained.

2. *Same; bank checks should be presented without delay.*—When a bank having claims for collection, receives from the debtor his check drawn on another bank in the same place, its duty is to present for payment the said check, within banking hours, on the same day it is received; and if the bank on which the check is drawn should fail and suspend payment at the end of that day, the collecting bank, so failing to present said check on the day received, becomes liable to the drawer thereof for the loss and damage suffered by reason of such neglect.

3. *Same; liability of collecting bank after payment of claim by debtor.*—

[Morris v. Eufaula National Bank.]

When a collecting bank receives from a debtor his check for the amount due his creditor, drawn on a bank in the same place where he had money on deposit to pay the same, and fails to present the same on the day received, and the deposit bank fails before presentation, and the debtor pays the claim of his creditor for which he was still liable to the collecting bank holding the same, such debtor can maintain suit against the collecting bank, and recover damages for all loss sustained by him for its failure to make timely presentation of his check.

4. *Collecting bank is only authorized to collect money in discharge of debt.*—In the absence of express authority and agreement to the contrary, a collecting bank cannot receive in payment and discharge of a claim anything but money, and if a check on another bank be received, it only becomes operative as payment in fact when paid by the drawee.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon JESSE M. CARMICHAEL.

The complaint as originally filed did not aver facts showing that the plaintiff had suffered any damage from the neglect of the defendant bank to present the check on the day it was given. The defendant demurred to the complaint upon this ground, which demurrer was sustained. Thereupon the complaint was amended, and as amended was as follows :

"The plaintiff claims of the defendant five hundred dollars, as damages, for that whereas, to-wit, on March 30th, 1891, the defendant had in its possession for collection a certain draft or bill of exchange, drawn on plaintiff by the Mound City Distilling Company, and accepted by him, for the sum of four hundred and seventy and 22–100 dollars, and which said draft or bill of exchange was due and payable on said March 30th, 1891, and that on said day, the said defendant presented said draft or bill of exchange to the plaintiff in the city of Eufaula, Ala., about 10 o'clock in the forenoon of said day for payment, and that said plaintiff then and there gave to said defendant a check on the John McNab Bank, a bank then doing a banking business in said city of Eufaula, Ala., for said sum of four hundred and seventy and 22–100 dollars, the amount due on said draft or bill of exchange ; and plaintiff avers that he drew said check for said sum on the John McNab Bank, and delivered the same to the defendant in the city of Eufaula, Ala.,

about 10 o'clock in the forenoon of said March 30th, 1891, and that at the time said check was so drawn by him, plaintiff, and delivered by him to the defendant, and during the remainder of the day, March 30th, 1891, the said John McNab Bank kept open its banking house, and carried on its banking business in the usual way, and paid all checks which were drawn on, or against it during said day; and plaintiff further avers that at the time he drew said check and delivered it to the defendant, as aforesaid, he had on deposit to his credit in the said John McNab Bank, and subject to his check, the sum of two thousand dollars, and that said defendant, by the exercise of reasonable diligence could have presented said check to the John McNab Bank during banking hours on said March 30th, 1891, and that if defendant had so presented said check on said March 30th, 1891, the same would have been paid in full by the said John McNab Bank, but said defendant, notwithstanding its contract in the premises, and in disregard of its duty arising out of its contract with plaintiff, failed to present said check to the John McNab Bank on said March 30th, 1891. And plaintiff further avers, that after said March 30th, 1891, and on March 31st, 1891, the said John McNab Bank suspended payment and failed, and never after its said failure carried on any business, and by reason of the premises, the said plaintiff was compelled by said defendant, on March 31st, 1891, to take up said check so given by him to it, as aforesaid, and pay said defendant in money the sum of four hundred and seventy and 22–100 dollars, on March 31st, 1891, and by reason thereof plaintiff was damaged as aforesaid, wherefore he brings this suit.'' To this amended complaint the defendant demurred on the following grounds : "1st. That it was not the duty of the defendant to present the check mentioned in said complaint until the day after it received said check from plaintiff. 2d. That it was not the defendant's duty to present the check mentioned in said complaint, on the same day the same was received. 3d. Said complaint shows that the bank upon which the check mentioned in the same, was drawn, closed its doors on the same day said check was drawn, and never afterwards opened them for business. 4th. Said complaint fails to aver that plaintiff suffered any damage by defendant's failure to present said check on the day it

was received. 5th. Said complaint fails to show that plaintiff had to pay the debt for which said check was given, after the same was given, or in any manner, suffered any damage by reason of defendant's failure to present the same on the day it was received. 6th. That said complaint is an attempt to recover money paid under mistake of law, if mistake at all. 7th. Said complaint fails to show that plaintiff was ignorant of the facts alleged therein at the time the money was paid to the defendant. 8th. Said complaint shows that plaintiff was fully cognizant of the facts therein alleged, at the time the money sought to be recovered was paid by the plaintiff to the defendant." These demurrers were sustained, and the plaintiff declining to plead further, judgment was rendered for the defendant. The present appeal is prosecuted by the plaintiff from this judgment, who assigns as error the sustaining of the defendant's demurrer to his amended complaint.

G. L. COMER, for appellant.—This suit does not grow out of any transaction where money was paid by Morris to the bank under any mistake of facts or law, but grows out of the contract that the bank made with Morris when it received his check, that it would present said check with due diligence. Morris had no other alternative so far as the owners of the draft were concerned, but to pay said draft in money as the law required, and then sue the bank as in this action on the contract the bank made with him when it received his check.—2 Morse on Banking, 421; 2 Daniel on Negotiable Instruments, §§ 1624, 1625; *Chauteau v. Rowse,* 56 Mo. 65; *State ex rel. Clark v. Gates,* 67 Mo. 139.

S. H. DENT, JR., *contra.*—1. Where the drawer, drawee and payee of a check all reside in the same town, the payee can not be charged with negligence in failing to present the check for payment until the close of banking hours on the day following the day on which the check was given.—2 Daniel on Negotiable Instruments, § 1590, and authorities cited.

2. It is indisputably the law that money paid under mistake of law, can not be recovered back in any court whether of law or equity.—*Hemphill v. Moody,* 64 Ala.

468 ; *Lesslie v. Richardson*, 60 Ala. 563 ; *Troy v. Bland*, 58 Ala. 197.

3. The character of the action, it would seem, ought to be assumpsit under common counts, and not case for a tort on an action for the breach of a contract. *Lehman v. Young*, 63 Ala. 519.

HARALSON, J.—1. Of course, if the plaintiff suffered no damage from the failure of the collecting bank,— the Eufaula National,—to present the check in time to the McNab Bank for payment on the day it was drawn, he had. no cause of action against the defendant. 2 Dan'l on Neg. Ins., § 1587 ; Boone on Banking, §§ 172, 181; *Industrial Trust, Title & Sav. Co. v. Weakley*, 103 Ala. 458. The first count fails to aver or show that the plaintiff suffered any damage from the neglect of the Eufaula Bank, and was, therefore, subject to the demurrer interposed.

2. The rule is well settled generally, in reference to the time within which checks must be presented for payment, that if the bank on which the check is drawn, be in the same place where the payee receives it, it should be presented for payment within banking hours on the day it is received, or at latest within banking hours on the following day.—*Industrial Trust, Title & Sav. Co. v. Weakley*, 103 Ala. 458, *supra.*

But, there seems to be a well recognized qualification of this rule, where the check is taken by a collecting agent for another to whom the drawer of the check is indebted, and for which he gives the collecting agent his check. In such case Mr. Morse says : "When a check is taken instead of money, by one acting for others, a delay of presentment for a day, or for any time beyond that within which by reasonable diligence it can be presented, is at the peril of the party so retaining the check, as between him and the true owners and parties in interest represented by him. Thus where the payee of a draft took from the drawees their check for the amount, which during banking hours on that day would have been honored, but which was retained by the payee until the day following, when it was dishonored, it was held that the payee could not have any remedy against the drawer. As between the payee and the drawee the presentment of the check had been

made with due promptitude; but as between the payee and the drawer there had been *laches* by reason of the payee not having presented the check and reduced it to money on the same day on which he received it. The payee had in fact, so far as the drawer was concerned, given to the drawee an extension of credit for one day, and the payment had been lost directly in consequence of such unauthorized extension.''—2 Morse on Banks & Banking, § 421. And again, the same author says in section 428: ''The payee (or his agent) cannot enlarge the time by taking a check instead of money, and waiting till next day to see if it is good. If he takes a check, he must collect it the same day; he cannot have till the next day to present the check, for it was his duty to secure payment on *that* day, not the next day, and a check is not payment.''

In the case at bar, the defendant bank,—the collecting bank and agent for the Mound City Distilling Co.—having received from said company the plaintiff's acceptance, presented the same for collection at maturity. Instead of paying the money, the plaintiff gave his check for the amount of his debt, drawn on the John McNab Bank in Eufaula, payable to the defendant bank. The check was received on March 30th, 1891, about 10 o'clock A. M., and was not presented until the next day, the 31st. The McNab Bank was good, and honored all checks on the 30th, and suspended at the close of business hours on that day. The plaintiff had money at McNab's, and his check, as is alleged, would have been paid if presented on the 30th. The complaint does not aver that the draft for which the check was given was surrendered to the plaintiff when he gave the check; and construing it most strongly against the pleader, we presume it was not surrendered, but was retained by the defendant, to await the collection of the check. It was not received in absolute payment of the plaintiff's acceptance, and the debt due by the draft was not discharged. The check was received to become operative as a payment in fact, only when paid by the drawee. Story on Bills, § 419; *Smith v. Miller*, 43 N. Y. 171. The next day, the 31st of March, the day of the suspension of the McNab Bank, the plaintiff paid his bill to the Mound City Distilling Co., to the defendant, and took up his check. This he was bound to do, for, as for any-

[Lang *et al.* v. Stansel.]

thing yet occurring, he still owed his debt to the Mound City Distilling Company. But he claims, that when he gave his check to the defendant bank, in place of money, to be collected and applied to his draft, there was an implied obligation on the part of defendant to him, to present said check with due diligence to the drawee for payment, which obligation it failed to discharge, in consequence of which, though he was yet bound to pay the draft, he suffered damage to the extent of the sum for which the check was given. This is a question with which the owners of the draft,—the Mound City Distilling Company,—have nothing to do. As to that company, the defendant had no right to take anything but money for the draft, and, indeed, did not pretend to do so. When it took the check from plaintiff, its taking became a transaction between defendant and plaintiff; defendant became the agent of and owed plaintiff the duty to act promptly in the collection of the check. The check when given was esteemed good by plaintiff and defendant, and it was good. The plaintiff did no wrong to give the check for the purpose intended; but in taking said check, as we have stated, the defendant at once assumed a relation and duty to its drawer, and had no right, as to him, to enlarge the time of its payment for a day, but should have presented it—there having been ample time in which to do so—the very day it was drawn; and failing, it owes the plaintiff the amount of the check and interest.—Authorities *supra*; *Smith v. Miller*, 43 N. Y. 171; s. c. 52 N. Y. 546; *Chauteau v. Rowse*, 56 Mo. 65; *Clarke v. Gates*, 67 Mo. 139.

The demurrer to the complaint should have been overruled.

Reversed and remanded.