## McClure & Taylor v. D. M. Osborne & Co.

1. BANKS AND BANKING—*Duty upon Receiving Notes for Collection.*—When a banker receives a note for collection he is bound to return it or to account for the amount of its proceeds.

2. AGENT—*Evidence of Authority.*—The authority of an agent can not be established by his own unsworn statement, and proof of his declarations are inadmissible to charge a principal until after there is a *prima facie* showing of his authority by other evidence.

3. APPELLATE COURT PRACTICE—*Instructions Must be Abstracted.*—Where the appellant does not abstract instructions given for him the court will not consider those refused.

Assumpsit.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.  Heard in this court at the May term, 1899.  Affirmed.  Opinion filed December 13, 1899.

CHARLES M. PEIRCE, attorney for appellants.

C. L. CAPEN and E. E. DONNELLY, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee, a corporation dealing in farm machinery at Chicago, held a note for $60, payable to its order on the 1st of October, 1894, signed by Louis Arbogast, then a resident

of McLean county. On the 26th of March, 1895, the note was sent to appellant's bankers, doing business at Arrowsmith, McLean county, for collection, who mailed a receipt for it to appellee. Subsequently, Arbogast paid the note to a man who called upon him in his field; but who the man was or how he came into possession of the note, the evidence does not disclose.

After ascertaining that Arbogast had paid the note and had it in his possession, and after receiving the denial of appellants that they had collected it or even received it for collection, this suit was brought. A trial in the Circuit Court resulted in a verdict and judgment in favor of appellee for $70.44.

It is clear that if the man to whom Arbogast had paid the note was an agent of appellants, or had obtained possession of it while it was held by them for collection, they are liable to appellee. When a banker receives a note for collection he is bound to return it or to account for the amount of its proceeds. Daniel on Negotiable Instruments, Sec. 327; Morse on Banks, 341; Selz v. Collins, 55 Mo. App. 55.

Appellee proved that the note was never received by it after being sent to appellants for collection, and that not one of its agents, having anything to do with the collection of notes, had it in his possession after it was sent to appellants.

It is contended that the court erred in refusing to allow appellants to prove that the man who presented the note to Arbogast and collected it, represented that he was the agent of appellee. The authority of an agent can not be established by his own unsworn statement, and proof of his declarations are inadmissible to charge a principal until after there is a *prima facie* showing of his authority by other evidence. Mechem on Agency, Sec. 716; Evans on Agency, 157; Callaghan v. Myers, 89 Ill. 566; Proctor v. Tows, 115 Ill. 138.

We are unable to see any substantial error in the instructions given for appellee. Complaint is made of the refusal

of certain instructions offered by appellants, but as counsel for appellants have not abstracted those given for them, we shall not consider those refused. If an appellant desires to have the action of the trial court in refusing instructions reviewed in the Appellate Court he must abstract the instructions given, so that it may be ascertained whether correct principles in refused instructions are not contained in those given.

A careful review of the evidence in this case satisfies us that appellants received the note in question and lost it, or by some negligence permitted it to get into the hands of an unauthorized person, who collected it. They are, therefore, liable, and the judgment should be affirmed.