# Jefferson County Savings Bank *v.* J. C. Hendrix.

*Action Against Bank for Failing to Present Check.*

1. *Deposit of Check for Collection; Ownership.*—Neither deposit of a check with a bank for collection, and the entry on its books as a deposit of money in favor of the owner of the check, nor the negligence of such bank in and about the collection of the check from the drawee bank whereby there is a failure to collect it, nor all of these facts combined, makes the check the property of the collecting bank.

[Jefferson County Savings Bank v. J. C. Hendrix.]

2. *Same; Bank Agent of Owner of Check.*—In such case the bank in which the deposit is made becomes the agent of the owner of the check to collect it.

3. *Same; Rights of Parties.*—When a check is deposited with a bank for collection, the relation of depositor and banker is consummated when the collection is made, and if not made, the bank's right to charge off the deposit arises.

4. *Same; Liability of Collecting Bank for Negligence.*—In such case, if the bank fails to collect the check through fault of its own, it is liable to the owner for all damages sustained by him through such failure.

5. *Same; How such Liability Enforced.*—In such case the liability of the collecting bank may be enforced by an action of assumpsit scunding in damages, for a breach of the bank's implied undertaking to use due care and diligence to collect the check, or by an action in case for damages resulting from negligence of the duties in respect of collection imposed upon it by law upon the fact of its receiving the check for collection.

6. *Same; Measure of Damages.*—In such case the owner of the check upon its non-payment is entitled to recover only the actual damages sustained by reason of the failure of the bank to perform the duties incumbent upon it to collect the check.

7. *Same; Case at Bar.*—A count in a complaint which alleges the deposit of a cashier's check with a bank for collection, an agreement on the part of the bank to undertake such duty, the sending of the check direct to the drawee bank, the suspension of the bank without paying the check, and that the collecting bank, the defendant, had refused to pay the amount of the check, does not state a cause of action and is bad on demurrer, for that it contains no allegations that plaintiff suffered any damages from defendant's failure to collect the check.

8. *Same; When Negligence in Collecting Bank to Send Check Direct to Drawee Bank.*—Where a check drawn by a cashier in his official capacity is deposited for collection, it is *prima facie* negligence in the collecting bank to send the check to be collected directly to the drawee bank for payment.

9. *Same; Notice to Depositor of Dishonor.*—Where a check is deposited for collection and the check is dishonored, it is the duty of the collecting bank to give the depositor prompt notice of the dishonor.

Tried before the HON. CHAS. A. SENN.

APPEAL from Birmingham City Court.

This was an action by the appellee against the appellant for failure to present a check deposited for collection and for failure to give notice of its dishonor.

The complaint consisted of eight counts, the first four being the common counts. The fifth count alleged a deposit of the amount sued for by plaintiff with the defendant, and that "plaintiff demanded of defendant the payment of said sum," which was refused. The sixth count alleged that plaintiff deposited a check with the defendant for collection; that the check had been collected, "that plaintiff had demanded of the defendant the payment of said sum of money," and that defendant refused to pay same. The seventh count alleged a deposit by plaintiff with the defendant for collection a check for $1,100.00 "drawn by Burgess Little, the cashier of the Shelby County Bank of Montevallo, Ala., upon said Shelby County Bank;" that defendant agreed to use "good faith and due care in the selection of sub-agent or sub-agencies for the collection of said check;" that defendant sent said check for collection "direct to said Shelby County Bank" which suspended without paying same; that defendant "by the proper agency could easily have collected said check," and that defendant has refused to pay plaintiff the amount of the check, although requested to do so. Defendant demurred to this count on the following grounds: (2) for that, the count did not show a breach of defendant's agreement; (3), (4) and (5) for that, no injury to plaintiff because of defendant's breach was shown; (6) for that, it did not appear that defendant was guilty of any negligence in the performance of its agreement; (7) for that, it did not appear that the sum claimed was payable on request; (9) and (10) for that, said count was in form an action of debt whereas the allegations showed a right in assumpsit for the recovery of damages. This demurrer was overruled by the court.

The eighth count alleged a deposit of a chek for collection on May 13th, 1901. in substance the same as the seventh count.; that "said check was presented by defendant on May 15, 1901, but was dishonored, of which dishonor defendant failed to give plaintiff any notice until May 24, 1901, by that day mailing a letter to him giving him notice which did not reach him until May 26, 1901, at which time said bank had failed;" that after plaintiff had such notice it was too late to collect said check, and that by want of timely notice plaintiff was deprived of

an opportunity to collect the check which he could have done if such notice had been given, and that defendant subsequently refused to pay the sum named on plaintiff's request. Defendant demurred to the eighth count on the grounds: (2) that it did not show that defendant had broken its agreement; (3), (4) and (5) that it did not appear that plaintiff was injured by defendant's breach: (6) that it did not show that defendant was guilty of any negligence in performing its contract; (7) that it did not appear that the sum claimed was payable on request; (9) and (10) that the form of action was in debt instead of assumpsit; (11) that it did not appear that defendant owed plaintiff the duty to give notice of dishonor other than was given; (12) that it did not appear that any damage resulted to plaintiff from defendant's failure. This demurrer was overruled by the court.

Under the opinion of the court it is unnecessary to note the several pleas filed by the defendant, or the other rulings of the court assigned as error.

The case was tried by the court without a jury and judgment was rendered in favor of the plaintiff for the full amount of the check with interest.

RUDOLPH & HUDDLESTON, for appellant.—A bank which negligently fails to collect a check deposited for collection is liable in assumpsit for breach of its implied undertaking not in debt for the amount of the check. This follows from the rule of law that the title to the check remains in the depositor.—*Morris v. Eufaula National Bank,* 106 Ala. 383; *Bank of Mobile v. Huggins,* 3 Ala. 206; *Peoples Bank v. Jefferson Bank,* 106 Ala. 524; *Williams v. Jones,* 77 Ala. 294.

In an action by a depositor against a collecting bank for failure to present a check for payment or failure to give notice of dishonor the complaint is bad on demurrer unless it aver that plaintiff suffered damage from the neglect of the bank.—*Morris v. Eufaula National Bank,* 106 Ala. 383; *Bank of Mobile v. Huggins,* 3 Ala. 206.

A collecting bank is not liable on the "common counts" for failure to present a check to the drawee or for failure to give notice of dishonor to the depositor. The declaration in such cases should be on a special contract.—2

43

Mayfield Dig. 245, §§ 7 and 9; *Darden v. James,* 48 Ala. 33; *Bank of Mobile v. Huggins,* 3 Ala. 206; *Tobias v. Morris,* 126 Ala. 535.

The custom of banks to send check direct to the drawee bank for collection and return is not unreasonable, nor is it negligence in every instance to do so.—*Kershaw v. Ladd,* 44 L. R. A. 236; *Wilson v. Carlinville Natl. Bank,* 52 L. R. A. 632; *Mills v. Bank,* 11 Wheat. 431; *Western, etc. Co. v. Sadilek,* 52 L. R. A. 632; *Indig. v. Natl. City Bank,* 80 N. Y. 100; *First Natl. Bank v. City Savings Bank,* (Mich.) March 13, 1900; *Heywood v. Prickering,* L. R. A. 90, B. 428.

The deposit of the check by Hendrix created the relation of principal and agent between the depositor and depositee.—*Bank v. Miller,* 77 Ala. 168; *Waid v. Smith,* 7 Wall. 451; *Dodge Co.,* 93 U. S. 385.

The title to a check deposited for collection does not pass to the collecting agent by reason of his negligent failure to collect.—*Bank v. Huggins,* 3 Ala. 206; *Morris v. Bank,* 106 Ala. 384.

CABANISS & WEAKLEY, for appellee.—Having sent the check to the drawee, and having given Hendrix no notice, in time to protect himself, the bank lost the right to charge off the deposit, which it had entered to the credit of Hendrix, and made the paper its own.

The relation between Hendrix and the bank was not that of a mere agency, but one of depositor and depositee, with the right upon the part of the bank to erase the provisional credit, if the paper was dishonored, *and if it complied with its legal duties as to presentation and notice.* The title and ownership passed to the bank by the deposit and blank, unrestricted endorsement. *In re Bank of Madison, Fed. Cases, No.* 890 *Kavanaugh v. Bank,* 59 Mo. App. 540; *Am. Tr. & Sav. Bank v. Mfg. Co.,* 150 Ill. 336; *Craigie v. Hadley,* 99 N. Y. 131; *Clark v. Merchants Bank,* 2 N. Y. 380; *Metro. Bank v. Loyd,* 90 N. Y. 530; *Bank v. Miller,* (Neb.) 55 N. W. 1064; 37 Neb. 500.

It was not necessary to negative, in counts 7 and 8, that the demand could not be collected in whole, or in part, out of the assets of the drawee bank. This fact of actual payment is for a plea by the defendant. Count 7,

as amended and count 8, both allege, in express terms, that the check was uncollectible. Whether containing that allegation or not, the burden was on defendant to mitigate the damages below the *prima facie* amount of the check.—*Borup v. Nininger*, 5 Minn. 417; Sedgwick on Damages, 340, et seq.; *Hoard v. Garner*, 3 Sandf. 179; *Blot v. Boicean*, 3 N. Y. 78; *Allen v. Merchants Bank*, 22 Wend. 215; *Allen v. Suydam*, 20 Wend. 321.

McCLELLAN, C. J.—Neither the deposit of a check with a bank for collection, nor the entry on its books of the amount of the check as a deposit of money in favor of the owner of the check, nor yet the negligence of such bank in and about the collection of the check from the drawee bank whereby there is a failure to collect it, nor all these facts combined makes such check the property of the collecting bank, nor the owner of the check a depositor of the money entered to his credit, in such sense as gives him a right of action for money had and received, or otherwise, for the amount of the face of the check as money due him from the bank. A bank which receives a check for collection and enters the face value of it as a deposit credit to its owner, becomes the agent of the owner to collect it. If the collection is made, the relation of depositor and banker is consumated. If the collection is not made, the bank's right to charge off the deposit arises. If the bank fails to collect the check through fault of its own, it is liable to the holder for damages sustained by him through such failure; and this liability may be enforced by an action of assumpsit sounding in damages for the breach of the bank's implied undertaking to use due care and diligence to collect the check, or by an action in case for damages resulting from negligence of the duties in respect of collection imposed upon it by law upon the fact of its receiving the check for collection. But the damages recoverable are by no means necessarily the amount of the check. It by no means follows from the negligent failure of the bank to collect the check, or its negligent failure to give the owner timely notice of the dishonor of the paper whereby he is denied fruitful opportunity to collect it himself, that the owner loses the demand for which the check was given, or even

any part of it. To the contrary, it is frequently, if not generally, true that the owner of the paper secures some part or all of the debt for which it was given in some other way, as by subsequent voluntary payment by, or suit against the drawee bank, when it is solvent, or by dividends upon its being wound up as an insolvent concern. It will, therefore, not suffice for the owner to hail the collector bank into court and implead that "you took this check to collect it, you did not do your duty in that regard and of consequence the check was not collected, therefore, the check is yours, and the amount of it in money is mine and in your hands for me, and you must pay me that amount." It does not follow from the facts the owner thus puts forward that the bank is liable to the extent he seeks to hold it, or to any extent in fact. The mere failure of collection of the check does not demonstrate the loss to the owner of the demand for which it was given, or any part of such demand. The owner should say to the bank: "You took this check for collection. Certain duties were thereby devolved upon you in respect of efforts to collect, or in respect of notice to me of its dishonor. You failed to perform those duties. From such failure resulted the non-payment of the check. Because of its non-payment I have suffered damages in the sum of so many dollars. For *these damages* you are liable to me, and must account in this action." In other words, a complaint in the common counts; or for money deposited; or for the amount of the check, averring the bank's unwarranted failure to collect it, or negligence operating to deprive the owner of opportunity to collect it—averments which, if proved and this theory of liability were sound, would entitle the plaintiff to recover the full face value of the check though his demand may have been satisfied in whole or in part from other sources, though he had suffered no damages or only nominal damages from the defendant's derelictions—would either not, by intendment or expressly, present the facts of this case—which is true of the common counts and of special counts 5 and 6—or claim a recovery on the facts of this case upon an inadmissible theory and in an amount which those facts do not justify—which is true of counts 7 and 8. Hence it is that we deem it unnecessary to discuss rulings below bearing upon the first six counts of

the complaint: None of them is supported by the evidence. Hence it is also that we hold that the demurrers to counts 7 and 8 should have been sustained. These counts not only *claim* a sum of money, to-wit: the amount of the check, which the plaintiff by their averments is not shown to be entitled to; but they are so wanting in averments of *damages* suffered by plaintiff as to state no cause of action. It will not do to say that they aver facts which warrant a recovery of damages and that they are not rendered bad by the form and amount of the claim they make, because if they are held good against the demurrer a recovery would follow proof of their averments though no proof of damages should be made since neither of them contain any allegations that plaintiff has suffered any damages from defendant's failure to collect the check; *non constat,* but that his demand has been otherwise paid, as above suggested, and *non constat,* but that though not paid, the demand is collectible in whole or in part out of the assets of the drawee bank.—*Bank of Mobile v. Huggins,* 3 Ala. 206; *Morris v. Eufaula National Bank,* 106 Ala. 383; *Sahlien v. Bank,* 90 Tenn. 227; *Farmers' Bank & Trust Co. v. Newland,* 97 Ky. 464; Zane on Banks & Banking, § 184.

The different doctrine which prevails where a creditor receives the check of his debtor to pay the debt may be referable to the distinctive consideration that in such case the creditor being the payee in the check or unqualified indorser is the legal holder and owner of it for the purpose of realizing upon it and applying its proceeds to his own debt; and upon this theory the case of *Watt v. Gans & Co.,* 114 Ala. 264, is not opposed to the views above expressed.

Abstractly, and *prima facie* at least, it is negligence in a collecting bank to send the check to be collected by mail or otherwise directly to the drawee bank for payment, especially when the paper is a cashier's check, i. e., drawn officially by the cashier of the drawee bank.

Of course it is the duty of a collecting bank to give the depositor prompt notice of the dishonor of a check deposited for collection.

Reversed and remanded.

HARALSON, DOWDELL and DENSON, JJ., concur.