HARRIS v. NATIONAL RESERVE BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. January 9, 1912.)

1. BANKS AND BANKING (§ 126*)—COLLECTIONS—RETURN OF NOTE AFTER FAILURE TO COLLECT. .

A bank, which credits to a depositor's account a note received from the depositor for collection and which, after a failure to collect, negligently fails to return the note to the depositor at his own address and deprives him of his right to the note, has no right to charge the amount against the depositor's account.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 305, 309; Dec. Dig. § 126.*]

2. BANKS AND BANKING (§ 126*)—COLLECTIONS—CHARGE AGAINST DEPOSITORS.

Where a bank, after failure to collect a note left with it for collection by a depositor, returned it to the depositor, who received it and himself collected thereon, the bank is entitled to charge the amount to the depositor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 305, 309; Dec. Dig. § 126.*]

3. BANKS AND BANKING (§ 154*)—COLLECTIONS—ACTIONS BY DEPOSITOR—SUFFICIENCY OF EVIDENCE.

Evidence, in a depositor's action against a bank for its refusal to pay the amount of a note deducted from his account after failure to make collection thereon, held insufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 526; Dec. Dig. § 154.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by David Harris against the National Reserve Bank of the City of New York. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Sullivan & Cromwell (J. Hampden Dougherty, Jr., of counsel), for appellant.

George A. Ferris, for respondent.

LEHMAN, J. The plaintiff had a bank account in the defendant bank. In September, 1909, the bank discounted a note for him, and the amount of the note less the discount was entered in the plaintiff's bank book. The note was payable to the order of Harris & Jabaly, and indorsed by them and by the plaintiff. Previous to May 1, 1909,

the plaintiff had admittedly been a member of that firm. On that day the firm sent out notices as follows:

"We beg hereby to announce that the copartnership heretofore existing between Harris & Jabaly at 24 Rector street, New York City, has been this day dissolved by mutual consent. All former obligations of and debts due the firm of Harris & Jabaly will be met and collected by both parties.

"Harris & Jabaly, 24 Rector St."

After May 1st the plaintiff moved to 27 Rector street, and claims that he gave the defendant notice of his change of address. When the note became due the defendant attempted to collect it, but payment was refused. The note was sent to the plaintiff, with notice of protest, addressed to 24 Rector street, instead of 27 Rector street. The amount of the note, with protest fees, was deducted by the bank from the deposit account of the plaintiff, and it refused to pay this amount to the plaintiff upon demand.

[1, 2] The case involves no abstruse questions of law as to the rights of the bank to deduct from the bank account of a depositor the amount of a note previously discounted by the bank and credited to the depositor's account. Whatever its rights may ordinarily be if it returns the note to the depositor, it is clear that it has no rights if it negligently fails to return the note to the depositor at his known address and deprives the depositor of his right to the note, while it may certainly charge the amount to the depositor if he receives and accepts the note and collects it. In this case we may concede that the note was negligently sent to 24 Rector street after the defendant had received notice that the plaintiff's address was 27 Rector street. The latter address, however, was the address of the firm of Harris & Jabaly, of which the plaintiff had been a member. He permitted his name to remain on the window for a year after the alleged dissolution, and according to the notice of dissolution both members of that firm and that address continued to represent the firm for the purpose of paying or collecting the firm obligations. The note came into the hands of Harris & Jabaly, *was collected by them* from the maker, and was deposited by the firm of Harris & Jabaly in the firm name in another bank.

[3] Certainly these circumstances tend to show that the firm of which plaintiff was a member has received the benefit of the note; and the plaintiff's denial of its receipt is too improbable to receive credence, nor is greater credibility given to it by his testimony that the firm of Harris & Jabaly, which collected the note and deposited its proceeds to their own account in a different bank, was composed, not of the original partners, but of their wives. It is true that there was no direct evidence to contradict this testimony; but "if everything or anything had to be believed in court simply because there is no witness to contradict it, the administration of justice would be a pitiable affair." Punsky v. City of New York, 129 App. Div. 558, 114 N. Y. Supp. 66.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.