SAMUEL T. GRAHAM *vs.* THE NATIONAL BANK OF SMYRNA, a corporation of the United States of America.

1. BANKS AND BANKING—BANK IS AGENT OF DEPOSITOR OF CHECK FOR COLLECTION, AND RELATION OF DEBTOR AND CREDITOR ARISES WHEN CHECK COLLECTED.

Where money is deposited in a bank, the relation of debtor and creditor arises, and the bank like any other debtor owes the depositor the amount of its deposit, but, where a check is deposited for collection, the bank merely becomes the agent of the depositor, and the relation of debtor and creditor does not arise until the check so deposited is collected by the bank.

2. PAYMENT—GENERALLY BANK MAY RECOVER MONEY PAID UNDER MISTAKEN BELIEF CHECK DEPOSITED FOR COLLECTION WAS PAID.

Generally money paid a depositor, under mistaken belief that a check deposited for collection has been paid, may be recovered by the bank.

3. BANKS AND BANKING—DUTY OF BANK RECEIVING PAPER FOR COLLECTION STATED.

The ordinary duty of a bank receiving money for collection extends no further than to make a proper demand for payment; sometimes to protest, when necessary to preserve the liabilities of all parties to the paper, and also on nonpayment ultimately to return the paper to the depositor or to account to him for its amount.

4. BANKS AND BANKING—HOLDING BY COLLECTING BANK OF GENERAL BALANCE AGAINST DRAWEE BANK, AND CHARGING LATTER'S ACCOUNT WITH AMOUNT OF CHECK HELD NOT TO SHOW COLLECTION.

Where the general balance between defendant collecting bank and the F. bank, on which the check was drawn, was in favor of defendant bank, and the latter, without the consent of the F. bank, charge in its accounts the amount of the check against the F. bank in its periodical settlements with it, *held*, that those facts alone would not constitute collection of the check from the F. bank or a payment by the latter to defendant, especially where the charge against the F. bank was subsequently reversed, because that bank had not collected the check.

5. ESTOPPEL—PURPOSE OF EQUITABLE ESTOPPEL IS TO PROMOTE JUSTICE BY PREVENTING ASSERTION OF TECHNICAL RIGHTS WHEN INEQUITABLE.

Equitable estoppel or estoppel in *pais* is based on the ground of promoting equity and justice in the individual case by preventing the assertion of rights under general technical rules of law, when it would be contrary to equity and good conscience to prove the truth.

6. ESTOPPEL—EQUITABLE ESTOPPEL ADMINISTERED IN FAVOR OF ONE ACTUALLY MISLED AND INDUCED TO ALTER LINE OF CONDUCT TO HIS DETRIMENT WITHOUT HIS FAULT.

Equitable estoppel is administered only in favor of the one who, without negligence on his part, has been actually misled through the act, admission, or imposition of another; that is, in favor of one who has been induced to alter his line of conduct with respect to the subject-matter in controversy so as to have foregone some right or some remedy which he otherwise would have taken.

7. EVIDENCE—PLAINTIFF MUST PROVE CASE BY PREPONDERANCE OF EVIDENCE; "WEIGHT OF EVIDENCE."

In civil cases plaintiff must prove his case by the weight of evidence which means, not the mere number of witnesses, but the weight of the evidence under all of the facts and circumstances proved.

(*April* 5, 1923.)

HARRINGTON and RICHARDS, J. J., sitting.

*Thomas C. Frame, Jr.*, of Dover, and *David J. Reinhardt* for plaintiff.

*Aaron Finger* and *James I. Boyce* for defendant.

Superior Court, New Castle County, March Term, 1923.

Action of assumpsit, No. 69, March Term, 1921.

The plaintiff's evidence tended to show that on Friday, July 23rd, 1920, he left with the National Bank of Smyrna for collection, and to be deposited to his account when collected, a check drawn by one William H. Jones on the Farmers' Bank at Dover, dated July 24th, 1920, and payable to the order of the plaintiff and one William E. Rash, as partners, by the name of Graham & Rash, for $700.00, which said check had been duly endorsed; that while the said defendant bank reported to the plaintiff on Saturday, July 24th, that said check was not good, on Monday, July 26th, it reported that it had been paid, and that it had the money arising therefrom; that an officer of the defendant bank, at the request of the plaintiff, then filled out a check, payable to the order of William E. Rash, for a one-half part of the amount of the Jones check, which said check was then deposited to Rash's credit in the defendant bank, and the check marked paid; that the defendant's officers later notified the plaintiff not to draw on said deposit for a few days because of some trouble between the Smyrna Bank and the Farmers' Bank about the payment of said check; that said officers, after the notice, repeatedly stated to the plaintiff that the defendant bank had the money arising from the payment of said check, and believed that the matter would eventually be settled, so that he could draw his money; that the amount of said check, after being credited to plaintiff's account, was subsequently charged against it by the defendant bank; that said check was eventually returned to him by the defendant, though not until August 1st, 1922; that the defendant bank cleared directly with the Farmers' Bank and the $700.00 item was in July, 1920,

and for a long time thereafter, charged against the Farmers' Bank in their settlements; that the amount of said check was never paid to the plaintiff, the amount due thereon being $700.00 with interest from August 1st, 1920.

The defendant's evidence tended to show that it never collected the Jones check from the Farmers' Bank; that the statement made to the plaintiff on Monday, July 26th, 1920, was based on the receipt of credit memorandum from the Farmers' Bank, which the defendant construed to mean that said Jones check had been paid to that bank; that by a later mail, on the same day, said check was returned to the defendant bank by the Farmers' Bank for nonpayment; that on the receipt of this memorandum the amount of said check was credited to plaintiff's account, but such credit was reversed on the books of the defendant bank and charged against plaintiff's account on Tuesday, July 27th, 1920, and on Wednesday, July 28th, his book was balanced and delivered to him, and he was notified not to draw on the credit arising from the deposit of said check; that on Wednesday, July 28th, Rash was also notified of the return of said check to the Smyrna Bank for non-payment; that while there was delay in returning said check to the plaintiff he never requested its return and such delay was due to its having been sent back and forth between the defendant bank and the Farmers' Bank, owing to the contention between them and to the effort of the defendant bank to assist the plaintiff in its collection; that in July, 1920, and for some time thereafter, the amount of the Jones check was charged against the Farmers' Bank in its settlement with the defendant bank; that the Farmers' Bank did not collect this check and denied that it did more than merely acknowledge its receipt for collection; that the charge of the amount of this check in the settlement between these banks was, therefore, against the consent of the Farmers' Bank, and the defendant was finally forced to reverse such charge as the Farmers' Bank denied its correctness, and refused to pay said check because it had not collected it from Jones, and that the credit to plaintiff's account was, therefore, due to an error.

The plaintiff declared on the common counts, including money had and received, an account stated, money due and payable from the defendant to the plaintiff, and for interest thereon.

HARRINGTON, J., charging the jury:

The plaintiff contends:

1st. That the Jones check for $700.00 was collected by the defendant bank;

2d. That even if the defendant bank did not collect said check it was estopped to deny that it had collected it.

The defendant denies that it collected said check or that the law of estoppel applies.

[1]   It is admitted by the plaintiff that the check was deposited in the defendant bank for collection.   Where money is deposited in a bank the relation of debtor and creditor arises, and the bank, like any other debtor, owes the depositor the amount of its deposit.   *National Dredging Co. v. Farmers' Bank*, 6 *Penn.* 580, 589, 69 *Atl.* 607, 16 *L. R. A.* (*N.S* .) 593, 130 *Am. St. Rep.* 158; *People's National Bank, etc., v. Rhoades*, 5 *Boyce* 65, 90 *Atl.* 409.

Where, however, a check is deposited for collection, the bank merely becomes the agent of the depositor, and the relation of debtor and creditor does not arise until the check so deposited shall have been collected by the bank.

It is admitted by the plaintiff that if a check, deposited for collection, is not collected, that a bank may, as a general rule, reverse or cancel a credit given on such check, whether such credit be given because of an error, or provisionally.

*Michie on Banks and Banking*, at *page* 1374, *Section* 156(1), in discussing this subject, says:

"It is a well established rule that where negotiable paper is deposited with a bank for the purpose of collection, the relation of principal and agent is thereby created between the depositor and the bank, and not the relation of creditor and debtor.   The bank becomes the agent of the holder or payee, not of the drawer or maker.   A bank, having received paper for collection, does not owe the amount thereof to the sender until collected, and though it may enter a credit in its books therefor, such a credit may be treated as provisional if the paper is afterwards dishonored, and it may cancel the credit."

The same proposition is well stated in *Jefferson County Savings Bank v. Hendrix*, 147 *Ala.* 670, 39 *South.* 295, 1 *L. R. A.* (*N. S.*) 246:

"A bank, which receives a check for collection, and enters the face value of it as a deposit credit to its owner, becomes the agent of the owner to collect it. If the collection is made the relation of depositor and banker is consummated. If the collection is not made, the bank's right to charge off the deposit arises."

See, also, to the same effect, *Security Savings & Trust Co. v. King*, 69 *Or.* 228, 138 *Pac.* 465; *Bank v. Brightwell*, 148 *Mo.* 358, 49 *S. W.* 994, 71 *Am. St. Rep.* 608; and *Morse on Banks and Banking*, §§ 214 and 237.

[2] That money paid a depositor under the mistaken belief that a check deposited for collection has been paid, may be recovered by the bank under ordinary circumstances, is also clear. *Michie on Banks and Banking*, vol. 2, *p.* 1453; *Morse on Banks and Banking*, § 249; *Security Savings & Trust Co. v. King*, 69 *Or.* 228, 138 *Pac.* 465.

[3] The ordinary duty of a bank, receiving paper for collection, extends no further than to make a proper demand for payment; sometimes, in cases of non-payment, to take such further action by protest and notice as may be necessary to preserve the liabilities of all parties to such paper, and also, in cases of non-payment ultimately to return the paper to the depositor, or to account to him for the amount of it. 7 *C.* *J.*, 605, 609; *Harris v. National Reserved Bank* (*Sup.*), 132 *N. Y. Supp.* 794; *National Reserved Bank v. National Bank of Repub.*, 172 *N. Y.* 102, 64 *N. E.* 799; *McClure, etc., v. Osborne*, 86 *Ill. App.* 465.

It is not denied by the plaintiff that the check in question was returned to him, nor is it contended that he was prejudiced by the delay in returning it, or that the defendant in any other respect failed to perform its duties toward him.

The question for you to determine, therefore, is whether the plaintiff collected and received the money on the Jones check.

[4-6] Even if you believe that the general balance between the defendant and the Farmers' Bank was in favor of the defendant bank in July, 1920, and that the defendant for a time, and without

the consent of the Farmer's Bank charged in its accounts the $700.00 item against that bank in its periodic settlements with it, that alone would not constitute a collection of said item from the Farmer's Bank or a payment by that bank to the defendant; especially, if you further believe that said charge against the Farmers' Bank was subsequently reversed because that bank had not collected said Jones check, and, therefore, because of the charge being an error. It is true that under the law of estoppel cases may arise where money has not actually been collected when the bank, with which the check has been deposited for that purpose, may not be permitted to deny its assertion that it has made such collection.

Equitable estoppel, or estoppel in *pais*, is based on the ground of promoting equity and justice in the individual case by preventing the assertion of rights under general technical rules of law when it would be contrary to equity and good conscience to prove the truth. 21 *C. J.* 1116; *Lewis v. Coxe*, 5 *Harr.* 401.

It is administered only in favor of the one who, without negligence on his part, has been actually misled through the act, admission, or representation of another; that is in favor of one who has been induced to alter his line of conduct with respect to the subject matter in controversy so as to have foregone some right or some remedy which he otherwise would have taken.

The Court are of the opinion that the law of estoppel is not applicable to this case because it is essential that one party should have relied upon the conduct or representation of the other and should have been induced by such conduct or representation to put himself in such a position that he would be injured if the other should be allowed to repudiate his action. *Jones v. Savin*, 6 *Boyce* 68, 96 *Atl.* 756; *Id.*, 6 *Boyce* 180, 79 *Atl.* 591; *Marvel v. Ortlip*, 3 *Del. Ch.* 9, 42. It is not claimed that these elements are shown by the testimony.

In support of his contention that the law of estoppel is applicable to this case, the plaintiff relies on *Harley v. Eleventh Ward Bank*, 7 *Daly* (*N. Y.*) 476, where the plaintiff recovered on an account stated. An examination of that case shows that it differs

very materially in its facts from this case. It, therefore, does not support the plaintiff's contention that the law of estoppel applies here.

[7]  As in all civil cases, the plaintiff must prove his case by the weight or preponderance of the evidence. By this, however, we do not mean by the mere number of witnesses, but by the weight of the evidence under all of the facts and circumstances proved.

As we have already stated, the question for you to determine is whether the defendant collected and received the money on the Jones check.

If, after fully considering the evidence, you believe that the defendant bank did collect and receive the money on such check for $700.00, your verdict should be for the plaintiff for the amount collected, with interest. If, however, you believe that such money was not collected by the defendant, and that any statements that may have been made by it that it did collect it, if any were made, were erroneous, your verdict should be for the defendant.