KOPEL MAYBERG *vs.* JOHN BROADMAN *et al.*

MARCH.11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

MURDOCK, J. This is a bill in equity which seeks to have declared invalid a certain mortgage on premises situated on Pilgrim street in the city of Providence and an injunction to restrain the respondent Broadman from foreclosing or attempting to foreclose the same.

After a hearing on bill, answer and proof, the trial justice found that the mortgage in question is invalid and that the complainant while not the holder of the legal title to said premises had the right as equitable assignee in possession to maintain the bill. From a decree embodying these findings both the complainant and the respondents have appealed.

In 1905 Rachel Rosenfeld, wife of respondent Leon Rosenfeld, was the record owner of said premises. On November 28, 1905, she mortgaged the same to Frank D. McKendall to secure a loan of $4,500. Thereafter she conveyed the premises subject to said mortgage to her daughter and her son-in-law, Gertie Ross and Emil Ross, who in October, 1911, gave a mortgage to said McKendall in the sum of $14,000. This mortgage was on several parcels of land, including the premises which are the subject of the present litigation. In March, 1913, said premises were included in a mortgage in the sum of $8,300 given to one Nussenfeld who transferred the same to one Fertig who, in 1920, transferred it to John Broadman, son-in-law of

Rachel Rosenfeld, and one of the respondents herein. It is this mortgage which was declared invalid by the court below.

In September, 1906, McKendall transferred the first mortgage of $4,500 to Ruth Harrington, of Killingly, Connecticut, who, in 1917, started foreclosure proceedings. Two days before the day of sale McKendall purchased and took a transfer of said mortgage. The sale was held as advertised and the premises were sold to the complainant for $7,300, he being the highest bidder at said sale. McKendall gave a mortgagee's deed to the complainant who immediately took possession and has remained in possession ever since. This sale was declared to be invalid by the court below because Ruth Harrington, who caused the premises to be advertised for sale, was no longer interested in the same at the time of sale. It is from that part of the decree declaring the sale to be invalid that the complainant has appealed.

In *Eisenberg* v. *Gallagher*, 32 R. I. 389, this Court held that one who was not the owner of a mortgage could not order a sale thereunder although he became the owner of the mortgage a few days after the first notice of sale appeared. In the instant case the sale was duly ordered by the then owner of the mortgage but she parted with her interest before the sale and therefore was no longer in a position to exercise any dominion over the property. The sale was held under proceedings instituted by one who at the time of sale was no longer in a position to effectuate the same and the sale was therefore invalid. *Eisenberg* v. *Gallagher, supra;* Jones Mort. 2d ed., §1832. The complainant's appeal therefore is denied.

Prior to the sale it was arranged by Leon Rosenfeld, McKendall and the complainant that the latter was to purchase not only the property in question but the other properties included in the mortgage of $14,000 held by McKendall. Leon Rosenfeld was in financial difficulties. McKendall was pressing him for interest and taxes and there were several attachments on the properties. Rosenfeld

appealed to the complainant to purchase these properties for $22,000. This the complainant agreed to do subject to the approval of McKendall who not only assented to but assisted in the consummation of the agreement. At Rosenfeld's request he purchased the mortgage from Ruth Harrington. He advised Rosenfeld to make an arrangement with his creditors so that he could give a deed direct to the complainant. As Rosenfeld was unwilling or unable to follow this advice it was considered necessary to foreclose the first or Harrington mortgage in order to clear the property in question from encumbrances. The trial justice found that the mortgage for $8,300 was without consideration, was given for the purpose of delaying and defrauding the creditors of Leon and Rachel Rosenfeld, that Rosenfeld before the mortgagee's sale showed McKendall the mortgage and note for $8,300 and a discharge of the mortgage, and that Broadman was not a bona fide holder of said mortgage. The trial justice further found that Leon Rosenfeld was at all times the real owner of the premises and that he was using his wife, his daughter and his sons-in-law for the purpose of concealing his ownership from his creditors. The respondents do not seriously question the findings of fact of the trial justice. They rest their appeal mainly on the ground that the complainant being in possession by virtue of an invalid sale can not question the validity of the mortgage for $8,300 which the respondent Broadman proposes to foreclose.

The court below decided that the complainant was in the position of an equitable assignee in possession. A purchaser at a mortgagee's sale who fails to obtain the legal title through some defect in the foreclosure proceedings becomes in equity on the payment of the amount bid at the sale the owner of the mortgage and is, if he takes possession with the consent of the mortgagor, in the position of a mortgagee in possession and as such has certain rights and is chargeable with certain responsibilities. Pom. Eq. Juris., Vol. 3, § 1216; R. C. L., Vol. 19, p. 329.

The complainant entered into possession at the request of the respondent Leon Rosenfeld. In our opinion it was not only complainant's right but his duty to resist the foreclosure of a mortgage even though junior to his own which he considered invalid. The appeal of the respondents must therefore be denied.

We are of the opinion that the complainant is entitled to further relief than that given him by the decree appealed from. His position differs from that of a stranger to the mortgagor who buys property at a mortgagee's sale. The complainant became a purchaser at the request of the mortgagor. He was a bidder at the sale because it was considered that a sale was necessary to carry out an agreement to purchase previously entered into between the complainant and the respondent Rosenfeld. The complainant paid the price agreed upon, took possession of the property, repaired and improved the same, and now after the lapse of several years the respondent Leon Rosenfeld asserts a right in this property not only through the medium of a mortgage which he does not deny he told McKendall had been discharged but also by other proceedings embarrasses the complainant in the enjoyment of the property. In our opinion this is a cause that warrants the application of the principles of equitable estoppel. The complainant is in possession by virtue of an agreement which has been fully performed on his part. The respondent Leon Rosenfeld seeks to take advantage of a flaw in proceedings which were instituted for his benefit and at his request. Having received the full benefit of his agreement with the complainant he ought not to be permitted to profit by reason of the defect in the foreclosure proceedings. *Brewer* v. *Nash*, 16 R. I. 458; *Chernick* v. *National Surety Co.*, 50 R. I. 419; *Graham* v. *Nat'l Bank Smyrna*, 32 Del. 264; Pom. Eq. Juris., Vol. 2, §§ 804, 821.

In our opinion all of the respondents are estopped from asserting any right in or claim to the property in question and the rents and profits therefrom by reason of any defect in the foreclosure of the first or Harrington mortgage.

Our determination is that both appeals be denied and, for reasons set forth in this opinion, that the decree appealed from be modified by adding thereto a provision restraining the respondents from asserting any right or interest in and to the property described in the bill of complaint or any of the rents and profits therefrom by reason of any defect in the foreclosure of the first or Harrington mortgage.

On March 23, 1931, the parties may present for our approval a form of decree to be entered in the Superior Court.

*Hogan and Hogan,* for complainant.
*Frank L. Hanley,* for respondent Broadman.
*Daniel A. Colton,* for certain respondents.