Alfons B. Landa v. Commissioner. Marjorie M. Astin v. Commissioner.
Landa v. Commissioner
Docket Nos. 26018, 26027.
United States Tax Court
1953 Tax Ct. Memo LEXIS 230; 12 T.C.M. (CCH) 597; T.C.M. (RIA) 53239; May 29, 1953
*230 Raymond N. Beebe, Esq., 815 15th Street, NW., Washington, D.C., and Raymond C. Cushwa, Esq., for the petitioner in Docket No. 26018. Meredith M. Daubin, Esq., for the petitioner in Docket No. 26027. E. M. Woolf, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: The error for which this proceeding was remanded by the Court of Appeals appears to be founded upon the faulty use in our original opinion of the phrase "probative weight." Refusal to be convinced that such "probative weight" should be ascribed to the oral testimony of petitioner Landa was construed by the Court of Appeals as "equivalent to a ruling that the testimony was inadmissible," a ruling as unintended as it would have been thought questionable by us. What was sought in our original opinion was to use those words as being synonymous with "weight of proof." We have searched in vain for a judicial definition of the term "probative weight," but "weight of proof" has been defined (like "preponderance of proof") as meaning "that the party having the burden of proof will be entitled to * * * [the jury's] verdict, if, on weighing the evidence in their minds, they shall find the greater amount *231 of credible evidence sustains the issue which is to be established before them." Haskins v. Haskins, 75 Mass. 390, 393. "The terms 'weight of evidence' and 'sufficient evidence' have long been regarded as synonymous terms and used interchangeably * * *," Waldron v. New York Cent. Ry. Co., 106 Ohio State 371, 377-378, 140 N.E. 161, 163. "When we speak of the weight of evidence, we do not mean the quantity or amount thereof; we mean its weight in probative value. Many pages of evidence may not have any probative value while a paragraph may prove the facts in issue." Reis v. Taylor, (Mo.) 103 S.W. (2d) 892, 899. The plaintiff "must prove his case by the weight or preponderance of the evidence. By this, however, we do not mean by the mere number of witnesses, but by the weight of the evidence under all of the facts and circumstances proved." Graham v. National Bank of Smyrna, (Del.) 122 Atl. 85, 87, 88. "The weight of evidence is not a question of mathematics, but depends on its effect in inducing belief. One witness may be contradicted by several, and yet his testimony may outweigh all of theirs. The question is what is to be believed. *232 " Chenery v. Russell, 132 Me. 130, 132, 167 Atl. 857, 858. See also Braunschweiger, et al. v. Waits, 179 Pa. State 47, 51, 36 Atl. 155, 156. It was that "weight of proof" or probative weight which we were unable to ascribe to the oral testimony in question. There was evidence in the record emanating from the written instruments executed by the parties, including petitioner Landa himself, which we viewed as contradicting the oral testimony, and which under the circumstances, including the fact that they were in writing and contemporaneous, we were more readily willing to accept as evidence of the true situation. See Gazette Telegraph Co., 19 T.C. 692 (January 22, 1953). That the Court of Appeals appears to have regarded this approach as permissible, appears from such statements in the opinion as that "the oral testimony may be in conflict with other evidence" and that "the written agreements were the only other evidence before the Court on this issue." On the whole record we concluded that the written documents were precisely what they purported to be, that is, "evidence" of an "indebtedness * * * incurred" [1] after the marriage of the two petitioners *233 to each other and owing by petitioner Landa to petitioner Astin. The oral evidence in controversy was, as the following colloquy shows, admitted over the objection of counsel, not for respondent but for petitioner Astin, that it was "* * * beyond the realm of this witness to answer to the extent his answers in any way vary the expressions in those documents." "The Court: You can understand that I am not at all passing on the effect this will have on the question of credibility but merely on the question of admissibility * * * I think the rule is too generally the other way to be able to sustain your objection." The evidence upon its receipt was, like any *234 other part of the record, given consideration. But as the trier of the facts it became necessary for the Tax Court to make a determination between conflicting evidence as to the ultimate conclusion of fact, which was done, or at least intended. See United States v. Oregon State Medical Society, 343 U.S. 326, 339; Daniels v. Souders, (C.A.D.C.) 195 Fed. (2d) 780; Columbus Outdoor Advertising Co., et al. v. Harris, (C.A. 6) 127 Fed. (2d) 38, 42. The question of law as to the admissibility of the evidence having become moot in view of the fact that on the whole record and notwithstanding its admission, we were finding the facts in petitioner Astin's favor, we declined to decide it. The result would have been a decision against respondent in Astin's case and for respondent in the case of petitioner Landa, regardless of how the legal question was ruled on. It was for that reason that the original opinion stated "whether this evidence was properly admitted might be an interesting question to which * * * we are not now required to give an answer." We construe the opinion of the Court of Appeals as leaving open the ultimate question of fact as to which *235 this finding has been made and on the basis of which the proceeding is being decided. If it had been the conclusion of the Court of Appeals that there was no evidence in the record to support such a finding, and that it was "clearly erroneous," it would have been within the province of that Court to decide the case and reverse the conclusion below. Massachusetts Protective Ass'n, Inc. v. United States, (C.A. 1) 114 Fed. (2d) 304, 309; see Grace Bros. Inc. v. Commissioner, (C.A. 9) 173 Fed. (2d) 170. Since this was not done and since, as we have said, the Court of Appeals appears to accept the assumption that other evidence in the record may be regarded as contradicting the oral testimony, we now reiterate our original observation that the written documents on account of their terms and because they were executed between parties dealing at arms' length seem to us more trustworthy than the recollection of a witness giving contradictory oral testimony and find that the written instruments were what they purported to be, and that the monthly payments in dispute were installments of principal of an indebtedness from petitioner Landa to petitioner Astin incurred *236 after their marriage and while they were living as husband and wife. Decision will be entered in Docket No. 26018 that there are deficiencies for 1943 and 1944 of $669.42 and $424.03, respectively, and for petitioner in Docket No. 26027. Footnotes
1. In addition to the promissory note itself, the documents, for example, provide: "WHEREAS, the party of the second part has heretofore been indebted to the party of the first part in the sum of $30,000 * * *" and that: "WHEREAS, * * * the said [petitioner] Landa desires * * * [to give] evidence of the aforesaid indebtedness * * *
"* * * [petitioner] Landa agrees to execute and deliver to Alvord & Alvord his one promissory note in the sum of $30,000 to the order of * * * [petitioner Astin] * * *."↩